(C. D. 215)

Otto C. Ling & Son v. United States

United States Customs Court, Second Division

(Decided September 18, 1939)

*Puckhafer, Rode & Rode* (*George J. Puckhafer* of counsel) for the plaintiffs.
*Webster J. Oliver*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges

Dallinger, Judge: These are suits against the United States arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on particular importations of so-called cycle hubs and cycle brakes. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at the rate of 25 per centum ad valorem under paragraph 369 (c) of said act as parts of motorcycles, or at 30 per centum ad valorem under paragraph 371 of said act as parts of bicycles.

At the hearing counsel for the plaintiffs formally abandoned protest 876080–G covering entry 810206.

A sample of the imported brakes was admitted as Exhibit 1 and of the imported hubs as Exhibit 2. The plaintiffs also appeared in person and testified in their own behalf. The Government offered no evidence.

The said witness testified that he represented a British bicycle manufacturer and that he had been in the business of handling bicycles and bicycle parts for about 20 years in England and for the same number of years in this country; that the merchandise at bar consisted of bicycle and motorcycle parts; that Exhibit 1 consisted of cycle brakes and Exhibit 2 of motorcycle hubs; and that both types of merchandise were sold by him to manufacturers of bicycles and motorcycles.

On cross-examination he testified that the articles represented by Exhibits 1 and 2 were chiefly used in this country in the manufacture of tricycles.

On redirect examination he testified that as a result of his 40 years' experience he found that both types of merchandise were also used on bicycles and were known as bicycle parts; that a tricycle is nothing but a three-wheel bicycle composed entirely of bicycle parts, to wit, the hub, chain, driving gear, saddle, tires, etc.; and that although chiefly used in the manufacture of tricycles the imported articles are never called tricycle parts but are always referred to as bicycle parts.

Upon this record counsel for the Government in his brief filed herein contends that the plaintiffs have failed to sustain the burden of proving that the collector's classification was erroneous, particularly stressing the point that the imported articles are chiefly used in this country in the manufacture of tricycles.

In this connection it may be well to consider the common meaning of the terms "bicycle" and "tricycle" as set forth in the following dictionary definitions.

Webster's New International Dictionary.

Bicycle.   n. 1.   A light vehicle having two wheels one behind the other.
Tricycle.   *   *   *   a carriage with three wheels, a three-wheeled velocipede.

Century Dictionary.

Bicycle.   A modification of the two wheeled velocipede.
Tricycle.   A three-wheeled velocipede   *   *   *.
(b)   A modification of the velocipede or bicycle having three wheels. [Italics ours.]

Oxford Dictionary.

Bicycle.   A two-wheeled velocipede.
Tricycle.   A velocipede with three wheels.   *   *   *.

Knight's American Mechanical Dictionary.

Bicycle.   (Vehicle).   A two-wheeled velocipede.   *   *   *.
Velocipede.   A species of carriage impelled by the rider.

While the last-named authority does not contain the word "tricycle" at all, nevertheless under the definition of the word "velocipede" on

page 2697 of Vol. III there appears an illustration of a three-wheeled velocipede.

Although it is true that according to the Greek derivation of the words "bicycle" and "tricycle" the former means a two and the latter a three-wheeled vehicle, nevertheless the definition of "tricycle" in the Century Dictionary as a modification of the velocipede or bicycle having three wheels, certainly gives support to the importers' contention in his testimony that a tricycle is simply a bicycle with three wheels, particularly taken in connection with his redirect testimony that the hubs and brakes in the instant importation are bicycle parts and are always sold as such and never as tricycle parts.

Upon the entire record we are of the opinion that the plaintiffs have made out a *prima facie* case that the instant hubs and brakes, which were manufactured by a British bicycle manufacturing company, are parts of bicycles. The fact that they are chiefly used in this country in the manufacture of tricycles does not make them any the less bicycle parts. In this connection we regard as significant the following testimony of the witness appearing on page 8 of the record immediately following his testimony on cross-examination:

REDIRECT EXAMINATION BY MR. PUCKHAFER:

R.Q. Are they recognized, according to your forty years' experience as being also used on bicycles?—A. Of course, that is what they are, bicycle parts.

R.Q. They are known as bicycle parts?—A. That is what they are designed for and made for.

R.Q. Will you please tell the court how it is that these particular bicycle parts are used on tricycles?—A. A tricycle is nothing else but a three-wheel bicycle. It is made entirely of bicycle parts. The hub, the chain, the driving gear, the saddle, the tires, everything is a bicycle part. It is made of nothing else.

In *Durbrow & Hearne Manufacturing Co.* v. *United States*, 9 Ct. Cust. Appls. 177, T. D. 38001, the question involved was the tariff classification of certain steel shuttles which were concededly chiefly used as parts of embroidery machines. Nevertheless, the court held such shuttles to be properly entitled to free entry as parts of sewing machines on the ground of their interchangeability of use on either embroidery or sewing machines. The rule was stressed that it was not what the article does but rather what it was constructed and designed to do.

According to the uncontradicted testimony the imported hubs and brakes were constructed and designed as bicycle parts.

On the established facts and the law applicable thereto we hold that said hubs and brakes are properly dutiable at the rate of 30 per centum ad valorem under paragraph 371 of the Tariff Act of 1930 as parts of bicycles, as alleged by the plaintiffs. That claim is therefore sustained; but as to all other merchandise including that covered by entry 810206, protest 876080–G, the claims are overruled. Judgment will be rendered accordingly.